Turley, J.
delivered the opinion of the court.
This is an action by the plaintiff to recover a debt of $187 96, claimed from the defendant upon open account. Defendant owed the money, but says that previous to the commencement of the suit, one Coburn Wilkerson, a creditor of Averil and Cheairs, by virtue of two judgments before ajustice of the peace, one for $197 71 — the other for $149 50, caused him to be summoned as a garnishee to state what debts he owed to said Averil and Cheairs — that he appeared before the justice, and on oath acknowledged himself to be indebted to them in the sum of $184 88, for which amount judgment was given against him in favor of said Coburn Wilkerson.
Now this suit having been brought after the judgment, John Cheairs for whose use it was brought can have no greater right against the defendant than would Averil and Cheairs, because he obtained by a transfer only an equitable interest therein, which cannot prevail against the legal right of Coburn Wilkerson, provided his judgment be a valid one. This, it is contended, is not because of its amount, which is said to be greater than the justice of the peace had jurisdiction of. It is true, that this debt being due by open account is of an amount greater than the jurisdiction of ajustice of the peace, if the proceedings had been by warrant in favor of Averil and Cheairs, but the proceeding by garnishment is very different; it is in the nature of a sequestration of the effects of a debtor in the hands of Ms debt- or for the payment of his debts, and may he tried by any tribunal to the extent of its execution process. In this case the justice had the right to issue the process for the $197 71 cents, and for-the $149 50 cents, and had of consequence the power to sequestrate debts of the defendants in the execution by garnishment to that amount if it be found. But again, the judgment was rendered upon the written admission of the defendant under oath of his indebtedness — and not upon the open account which rarely is as strong evidence of the existence of the debt as would be a note, bill single, or liquidated account signed by the party to be charged. Let the judgment be affirmed.